**FILED**
**May 28, 2025**

C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**West Virginia Continuing Legal Education Commission,**
**Petitioner**

**vs.) No. 25-91**

**Randall D. Wall,**
**Respondent**

### MEMORANDUM DECISION

The West Virginia Mandatory Continuing Legal Education Commission ("Commission") seeks to suspend the license to practice law of the respondent, a member of the West Virginia State Bar, pursuant to Rule 6.06(f) of the West Virginia State Bar Administrative Rules. The respondent has failed to provide proof of compliance with the Court's rules regarding mandatory continuing legal education for the period of July 1, 2022, through June 30, 2024.

On October 2, 2024, a certified letter was sent to the respondent notifying him of the non-compliance with Rule 6.02. The respondent reported a total of twenty-four credits, for the period July 1, 2022, through June 30, 2024, however all the reported credits were obtained from pre-recorded videos no interactive component. Rule 6.05(c) provides that no more than half of the total required continuing legal education requirements may be satisfied by prerecorded presentations that do not offer an interactive component.

On October 10, 2024, the respondent responded to the notice of non-compliance by letter and requested a "variance" in the mandatory continuing legal education requirements. The respondent later stated by letter dated October 29, 2024, that he requested a hearing as provided by Rule 6.06(e).

A hearing was conducted December 2, 2024, at which the respondent reiterated his request for an exemption, allowing all his credits to be counted to fulfill the requirement. Rule 6.04(c) provides that "for good cause shown, the Commission may in individual cases involving extreme hardship or extenuating circumstances, grant conditional, partial or complete exemptions of these minimum requirements." The respondent stated he was not aware of the requirement that only twelve of the required credits could be prerecorded presentations and that he did not have access to the internet. The Commission issued a decision denying the respondent's request for an exemption by letter dated December 19, 2024.

On February 7, 2025, the Commission filed the petition in this Court to suspend the license of the respondent for non-compliance with the continuing legal education requirement pursuant to Rule 6.06(e). On February 13, 2025, the Court issued a rule to show cause, returnable March 19,

2025, commanding and directing the respondent to show cause as to why he should not be suspended from the practice of law for noncompliance. The rule to show cause order was sent by first class united stated mail to the respondent. The rule to show cause order was also filed on the Court's electronic filing system, File & ServeXpress.

The respondent filed a summary response to the rule to show cause on March 12, 2025, with a letter previously sent to the Court on February 12, 2025, requesting an exemption in the requirement to have no more than half of the reported continuing legal education credits be from pre-recorded presentations because his practice was very limited and that he did not have an email address, limiting his ability to access live interactive presentations.

Under Rule 6.02 of the West Virginia State Bar Administrative Rules, all active members of the West Virginia State Bar were required to complete twenty-four credit hours of approved continuing legal education between July 1, 2022, and June 30, 2024, unless an exemption to the requirement for twenty-four credit hours applied under Rule 6.04.

Upon review of the petition, and its attachments, this Court finds that the Commission has complied with all relevant procedural requirements of the West Virginia State Bar Administrative Rules. Further, this Court finds the respondent failed to provide proof of compliance with the requirements.

Accordingly, it is ORDERED that the licenses to practice law in the State of West Virginia of the respondent, Randall D. Wall, is suspended, **effective immediately**, until such time as respondent shall have complied with the following: (1) the mandatory continuing legal education and reporting requirements set forth in West Virginia State Bar Administrative Rules; and (2) the financial penalties or other requirements imposed by the Commission through the West Virginia State Bar Administrative Rules. Upon completion of these requirements to the satisfaction of the Commission, each respondent's license shall be automatically reinstated unless the respondent is under suspension or annulment for another reason or reasons.

It is finally ORDERED that the Clerk of Court give notice of this MEMORANDUM DECISION to the respondent. The Clerk is further directed to issue the mandate in this action contemporaneously.

Law License Suspended.

**ISSUED:** May 28, 2025

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles R. Trump IV

2